OPINION
Appellant, Derrick S. Martin, appeals his conviction on one count of possession of cocaine following his plea of no contest in the Ashtabula County Court of Common Pleas. The following facts were elicited at appellant's suppression hearing and form the basis of this appeal.
In the early morning hours of April 25, 1998, Officer John Koski of the Ashtabula Police Department was patrolling the Bonniewood housing allotment, part of the Ashtabula Metropolitan Housing Authority, in the City of Ashtabula. It is an area known for criminal drug activity. The street itself was the scene of the murder of a police officer just five months earlier. At approximately 12:30 a.m., Officer Koski observed a motor vehicle with two males inside, stopped at the side of the road. Another male, appellant herein, was standing alongside the car, conversing with its occupants. As Officer Koski approached in his marked police cruiser, appellant quickly walked away from the vehicle, which immediately left the area. Officer Koski proceeded to drive around the block and, when he returned, he noticed appellant sitting atop a generator next to an apartment.
Officer Koski parked his patrol car and approached appellant. He was suspicious of possible drug activity as he had previously witnessed drug transactions occur in much the same manner as what he had just witnessed. Further, he stated that the area was the site of numerous complaints ranging from shots fired to fights to numerous complaints of drug activity. He asked appellant about the vehicle. Appellant claimed that he did not know the people in the vehicle. Officer Koski testified he was concerned whether appellant was carrying any drugs or weapons because he believed he may have witnessed an attempted drug transaction. He also noticed that appellant appeared "extremely nervous" which raised additional concerns. As a result, Officer Koski then directed appellant to place his hands on the police cruiser so that he could be patted down. Appellant complied with the officer's request. Appellant was not free to leave at that time, according to the officer.
During the search, Officer Koski did not feel anything that resembled a weapon but he discovered a bulge with what seemed to be "rocks" in appellant's jacket pocket which, based upon his experience, he believed may have been a bag of crack cocaine. Further, as soon as he touched that area of appellant's jacket, he noticed that appellant "tensed up as if he was going to run or fight." Before Officer Koski removed the bag, appellant stated, "I won't do it anymore, just take it out of my pocket, throw it on the ground and step on it. I'm just selling to survive." The officer then removed the bag and ran a field test on it which proved to be positive. Appellant was then handcuffed and placed under arrest for possession of crack cocaine.
Appellant was indicted by the Ashtabula County Grand Jury on June 2, 1998, on one count of possession of cocaine, in violation of R.C. 2925.11, a felony of the fourth degree. Subsequently, appellant entered a plea of not guilty. On July 6, 1998, appellant filed a motion to suppress evidence and a motion to suppress statements, and a hearing was held thereon on December 11, 1998. On December 28, 1998, the trial court overruled appellant's motions resulting in appellant changing his plea to no contest. Appellant was found guilty and, on March 26, 1999, was sentenced to two years of community control.
Appellant timely filed a notice of appeal and has now set forth the following assignments of error:
 "1. The trial court erred to the prejudice of Appellant when it overruled his motion to suppress evidence.
 "2. The trial court erred to the prejudice of Appellant when it refused to suppress a number of statements that Appellant made to Officer John Koski of the Ashtabula Police Department because they were derived from an illegal search and seizure.
 "3. The trial court erred to the prejudice of Appellant when it failed to suppress a number of statements that he made to Ashtabula Police Officer John Koski."
In the first assignment of error, appellant contends that the trial court erred when it overruled his motions to suppress. Specifically, appellant claims that Officer Koski conducted an illegal pat-down search, which resulted in the discovery of the cocaine. We disagree.
First of all, while appellant does not raise this issue, we note that the initial stop of appellant was justified and in accordance with the landmark decision of the United States Supreme Court, Terry v. Ohio
(1968), 392 U.S. 1. Therein, the court held that an investigative stop is justified if the officer can "point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Id. at 21. "An inarticulate hunch or suspicion is not enough. The officer must have a reasonable belief and specific facts upon which a reasonable suspicion could be based that appellant was violating or about to violate the law. Terry, supra; Brownv. Texas (1979), 443 U.S. 47; Delaware v. Prouse (1979), 440 U.S. 648."Mentor v. Webb (June 30, 1993), Lake App. No. 92-L-158, unreported, at 4.
In the present case, Officer Koski testified he was in a high crime area (known for its fights, shootings, and drug trafficking), late at night, and he observed suspicious activity that was consistent with drug trafficking. These were specific facts upon which a reasonable suspicion could be based that appellant had violated, or was about to violate, the law.
This leads to the key issue raised in appellant's first assignment of error, that being the propriety of the pat-down search. In Terry, supra, the United States Supreme Court held:
 "[W]here a police officer observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot and that the persons with whom he is dealing may be armed and presently dangerous, where in the course of investigating this behavior he identifies himself as a policeman and makes reasonable inquiries, and where nothing in the initial stages of the encounter serves to dispel his reasonable fear for his own or others' safety, he is entitled for the protection of himself and others in the area to conduct a carefully limited search of the outer clothing of such persons in an attempt to discover weapons which might be used to assault him." Id. at 30.
Thus, the Supreme Court of Ohio has held:
 "Where a police officer, during an investigative stop, has a reasonable suspicion that an individual is armed based on the totality of the circumstances, the officer may initiate a protective search for the safety of himself and others." State v. Bobo (1988), 37 Ohio St.3d 177, paragraph two of the syllabus.
Subsequently, the Supreme Court of Ohio had the opportunity to address pat-down searches in the context of drug trafficking situations. In Statev. Evans (1993), 67 Ohio St.3d 405, the court stated:
 The right to frisk is virtually automatic when individuals are suspected of committing a crime, like drug trafficking, for which they are likely to be armed. See State v. Williams (1990), 51 Ohio St.3d 58, 554, N.E.2d 108. See, also, United States v. Ceballos (E.D.N.Y. 1989), 719 F. Supp. 119, 126: `The nature of narcotics trafficking today reasonably warrants the conclusion that a suspected dealer may be armed and dangerous.'" Id. at 413. See, also, State v. Armstrong (1995), 103 Ohio App.3d 416, 423; State v. Gaston (Dec. 16, 1994), Lake App. No. 94-L-036, unreported, at 4.
In the case sub judice, as previously discussed, Officer Koski had a reasonable suspicion that appellant was involved in drug trafficking as the officer approached him. At that point, Officer Koski believed that appellant had drugs and/or weapons in his possession. Based upon the totality of the circumstances, it was reasonable for the officer to conclude that appellant may have been armed. Accordingly, Officer Koski acted properly in conducting a protective pat-down search of appellant. On this basis, the trial court correctly overruled appellant's motion to suppress.
Appellant's first assignment of error is without merit.
In the second assignment of error, appellant asserts that the trial court erred when it refused to suppress a number of statements that he made to Officer Koski. Appellant bases his claim on his contention that the statements were derived from an illegal search and seizure.
Specifically, appellant argues that the statement he made to Officer Koski when the officer found the bag of cocaine wherein he impliedly admitted that he was selling cocaine should have been suppressed as fruit of the poisonous tree since the pat-down search was illegal. As addressed in appellant's first assignment of error, however, we have already concluded that the protective search was proper. Thus, there simply is no poisonous tree in this case. Hence, the trial court properly overruled appellant's motion to suppress his statements.
Appellant's second assignment of error is without merit.
In the third assignment of error, appellant submits that the trial court erred when it failed to suppress certain statements he made to Officer Koski. Specifically, appellant claims that as soon as Officer Koski decided to search him, he was no longer free to go and, thus, he should have been given his Miranda rights immediately. Since he was not Mirandized at that time, all subsequent statements he made to Officer Koski should have been suppressed.
Pursuant to Miranda v. Arizona (1966), 384 U.S. 436, police officers are required to read a suspect his rights prior to questioning him if he is in custody. As this court has previously held, "[t]he determination of whether one is in custody focuses on how a reasonable person in the detainee's position would have felt in the same position." State v.Gaston (1996), 110 Ohio App.3d 835, 842, citing Berkemer v. McCarty
(1984), 468 U.S. 420, 434.
The present case is similar to Gaston wherein the defendant was stopped on the street after possibly being involved in a drug transaction. The defendant was immediately frisked for weapons and asked whether he had any weapons or drugs. The defendant told the officers that he had "weed" in one pocket and "rock" in another pocket. On appeal of his conviction for aggravated trafficking in drugs, the defendant claimed, inter alia, that the statements he made to the police concerning "weed" and "rock" should have been suppressed since they were given while he was in custody, but before being advised of his Miranda rights. This court rejected the defendant's argument, stating:
 "The questioning regarding possession of drugs was simply on-scene investigative questioning, which in no way triggered the requirement of Miranda warnings. See Berkemer, 468 U.S. at 434, 104 S.Ct. at 3147, 82 L.Ed.2d at 331; [State v.] Van Fossen [1984], 19 Ohio App.3d [281], at 284, 19 OBR at 455-456, 484 N.E.2d at 194-195. Such questioning would be akin to questions regarding the consumption of alcoholic beverages during a traffic stop. At no point was appellant required to answer questions posed by the police, and he was not under arrest until after he had volunteered the information concerning the contents of his pockets. Appellant was simply asked routine questions in a brief investigatory stop that did not rise to the crest of custodial interrogation. Appellant, although detained for a time, was not `in custody,' and therefore, [the officer] was not required to advise appellant of his Miranda rights." Id. at 843.
Similarly, in the case at bar, Officer Koski was merely conducting a brief investigatory stop. He did not even direct a question to appellant regarding the bag of cocaine. Appellant voluntarily blurted out the statement which he now claims should have been suppressed. Based upon our previous holding in Gaston, we disagree. A custodial interrogation had not yet begun. Thus, the trial court did not err by overruling appellant's motion to suppress.
Appellant's third assignment of error is without merit.
The judgment of the trial court is hereby affirmed.
 ____________________________________ MAHONEY, J., (Joseph), Ret.
FORD, P.J., concurs with Concurring Opinion, CHRISTLEY, J., concurs.